**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| IN RE: ) | **CASE NO.: 3:14-bk-00581** |
| ) | **CHAPTER 13** |
| **MICHAEL RYAN PROFFITT** ) | |
| **LAURA ELIZABETH PROFFITT** ) | |
| Debtor(s). ) | |

**MICHAEL RYAN PROFFITT**
**LAURA ELIZABETH PROFFITT**
      Plaintiff (s)    **Adv. No. 3:14-ap-**
  v.

**PHH MORTGAGE CORP**
      Defendant(s).
_____/

**COMPLAINT**

**MICHAEL RYAN PROFFITT and LAURA ELIZABETH PROFFITT** (hereinafter "Plaintiff"), sues **PHH MORTGAGE CORP** (hereinafter "Defendants") and states:

1.  This is an action brought pursuant to 11 U.S.C. 506(a) to value collateral and determine the status of Defendants lien and/or claim against property of Plaintiff.

2.  Plaintiff is the owner of homestead property located at 3552 Bay Island Circle, Jacksonville, Florida 32250.  The legal description is as follows:

> LOT 149, OCEAN CAY UNIT TWO, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 52, PAGES 51, 51A, 51B, 51C, AND 51D, OF THE UCRRENT PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA.   TAX ID #180949-1845

3.  The financing of the first mortgage of the homestead was accomplished on June 2, 2006, by a promissory note in the amount of $416,000.00.00 and first mortgage executed by Plaintiff in favor of Mortgage Electronic Registration Systems, Inc., as recorded in Duval County

1

Public Records on June 8, 2006, Official Records Book 13315, page 1283.

4. On December 27, 2012, PHH Mortgage Corporation succeeded Mortgage Electronic Registration Systems, Inc., first mortgage by virtue of the Assignment of Mortgage recorded on January 24, 2013, Official Records Book 16228, page 675, of the current public records of Duval County Florida.

5. The financing of the second mortgage of the homestead was accomplished on June 2, 2006, by a promissory note in the amount of $78,000.00 and second mortgage executed by Plaintiff in favor of PHH Mortgage Corp, as recorded in Duval County Public Records on June 8, 2006, Official Records Book 13315, page 1306.

6. Section 506 of the Bankruptcy Code defines the secured and unsecured status of debts based upon the value of the underlying collateral. This Section provides in relevant part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . . . and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

11 U.S.C. § 506(a)(2002).

7. As of the date of filing of the Voluntary Petition, there remained a principal sum due of at least $401,046.00 (plus an applicable pay off charges) on the first mortgage loan on the Plaintiff's property.

8. The value of the Plaintiff's real property is less than the amount owed on the first mortgage loan.

9. Under the above provisions of 11 U.S.C. § 506(a), the second mortgage lien of

Defendant is unsecured and subject to removal and treatment as an unsecured claim in the Plaintiff's Chapter 13 Plan.

**RELIEF REQUESTED**

Plaintiff requests that this Court:

A.  Value the interest and any claim of Defendant (second mortgage only) in the Plaintiff's property at the replacement value of $0.00;

B.  Strip off the lien of Defendant, by virtue of its second mortgage on the Plaintiff's property.

DATED March 20, 2014.

PARKER & DUFRESNE, P.A.

*/s/Donald M. DuFresne.*
DONALD M. DUFRESNE.
Fla Bar #802778
8777 San Jose Blvd., #301
Jacksonville, FL 32217
(904) 733-7766
(904) 733-2919
Attorney for Plaintiff

3