UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>MICHAEL RYAN PROFFITT<br>LAURA ELIZABETH PROFFITT<br>Debtor(s). | CASE NO.: 3:14-bk-00581<br>CHAPTER 13 |

MICHAEL RYAN PROFFITT
LAURA ELIZABETH PROFFITT
    Plaintiff(s)
v.

Adv. No. 3:14-ap-00108

PHH MORTGAGE CORP
    Defendant(s).
_____/

## CONSENT FINAL JUDGMENT

This case came before the Court on the adversary complaint filed by the Debtor and Plaintiff to value collateral and determine the status of Defendant, PHH Mortgage Corp's lien and/or claim against the homestead property of Plaintiff, and on the consent of the Plaintiff and the Defendant, and without Defendant, PHH Mortgage Corp., admitting any of the allegations made in the Plaintiff's Complaint, it is

ORDERED

1. Judgment is entered in favor of the Plaintiffs, MICHAEL RYAN PROFFITT and LAURA ELIZABETH PROFFITT, against the Defendant, PHH MORTGAGE CORP.

2. Defendant has a lien on the Plaintiff's property located at 3552 Bay Island Circle, Jacksonville, Florida 32250. The legal description is as follows:

> LOT 149, OCEAN CAY UNIT TWO, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 52, PAGES 51, 51A, 51B, 51C, AND 51D, OF THE CURRENT PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA. TAX ID #180949-1845

3. PHH MORTGAGE CORP shall be treated for the purposes of this case, as having a wholly unsecured claim in the amount of $91,821.96, under the provisions of 11 U.S.C. § 506.

4. The replacement value of the interest or claim of the Defendant in the Plaintiff's

1

property is $0.00.

5. The Second Mortgage held by PHH Mortgage Corp, in the amount of $78,000.00 recorded at OR Book 13315, page 1306 on June 8, 2006, Public Records, Duval County, Florida shall be deemed void and shall be extinguished automatically, without further court order, upon entry of the Debtors' discharge in either Chapter 13 case or a Chapter 7; provided, however, that the Court reserves jurisdiction to consider, if appropriate, the avoidance of PHH Mortgage Corp lien prior to the entry of the Debtor's discharge. Within thirty (30) days after the Debtors' successful completion of the Chapter 13 Plan and entry of a Discharge the Defendant shall provide to the Debtor/Plaintiffs a release of lien recordable in the county where the property is located.

6. In the event the Defendant fails to execute and deliver a recordable release of lien as described above or any other document required by law to release and discharge the second mortgage, the Debtors shall be authorized to use this Order and the Order of Discharge under Section 1328(a) as authorization for termination and release of the second mortgage upon the subject property.

7. If the case should be dismissed or should the Debtor/Plaintiff fail to complete the Chapter 13 Plan and receive a discharge under Section 1328(a), then the lien shall remain in full force and effect.

DATED this _____ May 9 , 2014 at Jacksonville, Florida.

_____
PAUL M GLENN
United States Bankruptcy Judge

## CONSENT

PHH MORTGAGE CORP, and the Debtors/Plaintiffs, MICHAEL RYAN PROFFITT and LAURA ELIZABETH PROFFITT, by and through their undersigned counsel, consent to the entry of the foregoing order.

| | |
|---|---|
| PARKER & DuFRESNE, P.A. | SHAPIRO, FISHMAN & GACHE, LLP |
| By: _____ | By: _____ |
| Donald M. DuFresne | Vivian Elliott |
| Florida Bar No.: 802778 | Florida Bar No.: 64804 |
| Parker & DuFresne, P. A. | Shapiro, Fishman & Gache, LLP |
| 8777 San Jose Boulevard, Suite 301 | 4630 Woodland Corporate Blvd., Suite 100 |
| Jacksonville, FL 32217 | Tampa, FL 33614 |
| (904) 733-7766 | (813) 880-8888 |
| Fax: (904) 733-2919 | Fax: (813) 880-8800 |
| Attorneys for Debtor/Plaintiff | Attorney for Defendant |

Copies to: All Interested Parties

3